IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DAVID M. ROBINSON, | * | |
| Pettitioner | * | |
| v | * | Civil Action No. RDB-13-300 |
| | | Related Crim. Action No. RDB-07-87 |
| UNITED STATES | * | |
| Respondent | * | |

***

**MEMORANDUM**

Pending is self-represented prisoner David M. Robinson's "Motion for Vacation of Judgment for Lack of Subject Matter Jurisdiction Pursuant to Federal Rules of Civil Procedure Rule 60(b)(4)." ECF No. 89. The court deems the Petition more properly construed under 28 U.S.C. § 2255 as a Motion to Vacate, Set Aside or Correct, and will grant Robinson twenty-eight days to state whether he wants this matter to proceed as a § 2255 motion, withdraw the pleading, or have it ruled on as filed.

   **I.   Background**

David M. Robinson pled guilty before this Court to violations of the mail and wire fraud statutes on January 2, 2008. On May 1, 2008, this Court sentenced Robinson to a term of 188 months incarceration. Robinson appealed his convictions to the United States Court of Appeals for the Fourth Circuit, which ultimately affirmed his convictions on July 31, 2009. *See United States v. Robinson*, 341 F. App'x 942 (4th Cir. Jul. 31, 2009), ECF No. 73. Robinson sought *en banc* review by the Fourth Circuit, but that petition was denied on September 8, 2009. *See* USCA Order, ECF No. 75. The Fourth Circuit issued a renewed Mandate on September 16, 2009. Robinson then filed a petition for writ of certiorari

which was denied by the Supreme Court of the United States on October 5, 2009. *See* ECF No. 77-1.

**II.     Analysis**

A.  Rule 60(b)

A party may seek relief from a final judgment or order under Fed.R.Civ. 60 (b) by showing "timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances."[1] In addition, at least one ground for relief listed in Rule 60(b)'s six subsections must be established: 1) mistake, inadvertence, surprise, or excusable neglect; 2) newly discovered evidence; 3) fraud, misrepresentation, or misconduct by an opposing party; 4) a void judgment; 5) satisfaction, release, or discharge; or  6) any other reason justifying relief. *Dowell v. State Farm Fire and Casualty Automobile Insurance*, 993 F.2d 45, 48 (4th Cir. 1993). Any Rule 60(b) motion must be made within a "reasonable time," and, for subsections (1) through (3), not more than a year after entry of a judgment or order.  *See* Fed.R.Civ.P. 60(c).

Robinson invokes Rule 60(b)(4) and claims his conviction is void and can be attacked at any time because the indictment failed to state a crime in that it did not state a material element of the charged offense.   The Federal Rules of Civil Procedure do not provide a means for challenging criminal judgments. *See* Fed. R. Civ. P. 1 (stating "these rules govern the procedural in the United States district courts in all suits of a civil nature); *United States v. O'Keefe,* 169 F. 3d 281, 289 (5th Cir. 1999); *United States v. Mosavi*, 138 F. 3d 1365, 1366 (11th Cir. 1998).  Rule 60(b) is a civil rule and is therefore an inappropriate vehicle to challenge a criminal conviction or sentence. *See United States v. Fair,* 326 F.3d 1317, 1318 (11th Cir.2003) ("Rule 60(b) simply

---

[1] *Hale v. Belton Associates Inc.*, 305 F. App'x 987, 988 (4th Cir.2009) (quoting *Dowell v. State Farm Fire & Casualty Automobile Insurance Company*, 993 F.2d 46, 48 (4th Cir. 1993)).

does not provide for relief from judgment in a criminal case."). Rule 60(b) is not a substitute for collateral review of criminal judgments. *See United States v. Winestock*, 340 F. 3d 200, 207 (4th Cir. 2003). (distinguishing a successive § 2255 " motion directly attacking the prisoner's conviction or sentence" from a Rule 60(b) motion).

B. 28 U.S.C. § 2255

Essentially, Robinson is attacking the validity of his conviction and sentence, and the appropriate avenue to bring his challenge by way of a § 2255 motion.[2] *See Calderon v. Thompson*, 523 U.S. 538, 554 (1998) (subject matter of a motion, not the caption assigned to it by a self-represented petitioner determines status). Courts may recharacterize a motion filed by a self-represented litigant to create better correspondence between the subject of the motion and its underlying legal basis. *See Castro v. United States*, 540 U.S. 375, 381 (2003).

In accordance with *Castro,* 540 U.S. at 381-82, Robinson is notified of the Court's intent to construe his pleading as a Motion to Vacate under 28 U.S.C. § 2255. As a consequence of considering the pleading under § 2255, subsequent § 2255 petitions collaterally attacking the judgment or sentence will be subject to dismissal as a second or successive petition unless preauthorization filing is obtained from the Court of Appeals. *See id.* Robinson will be granted twenty-eight days to inform the court whether he wants to withdraw or amend the Motion or proceed with it as filed. In the event Robinson fails to timely state his intentions, the court may treat his filing as a motion under 28 U.S.C § 2255. Robinson is also instructed to provide his

---

[2] 28 U.S.C. § 2255 provides in relevant part:
   A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

reasons why principles of equitable tolling apply or the motion is otherwise timely. *See Hill v. Braxton*, 277 F.3d 701(4th Cir. 2002).[3] A § 2255 forms and information packet will be sent to Robinson to assist him in supplementing his pleading should he intend to pursue his claims accordingly. Robinson is instructed to write the above civil case number on all documents he files in this case.

### III. Conclusion

For the reasons stated above, the Court intends to construe the motion pursuant to 28 U.S.C. § 2255. Robinson will be granted twenty-eight days to inform the court whether he wants to withdraw or amend the pleading or proceed with it as filed. A separate Order follows.

February 28, 2013          _____/s/_____
Date                          RICHARD D. BENNETT
                                                  UNITED STATES DISTRICT JUDGE

---

[3] Petitions filed under 28 U.S.C. §2255 must be filed within one year of the date the judgment of conviction becomes final. *See* 28 U.S.C. § 2255(1). Section 28 U.S.C. §2255 provides in pertinent part:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.