IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DAVID M. ROBINSON   *

  v.   *   Civil No. RDB-13-00300

UNITED STATES OF AMERICA   *   Criminal No. RDB-07-00087

* * * * * * * * * * * * *

## MEMORANDUM OPINION

The *pro se* petitioner David M. Robinson (hereinafter "Petitioner") has filed a "Motion for Vacation of Judgment for Lack of Subject Matter Jurisdiction Pursuant to Federal Rules of Civil Procedure Rule 60(b)(4)." Pet'r's Mot. Vacation J. 4, March 18, 2013, ECF No. 89. Petitioner invokes Rule 60(b)(4), claiming that his conviction is void, and may be attacked at any time, for lack of subject matter jurisdiction—which allegedly stems from the indictment's failure to state a material element of the offense charged. *Id.* After reviewing the parties' submissions, this Court finds that no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons stated herein, Petitioner's Motion for Vacation of Judgment (ECF No. 89) is DENIED. For similar reasons, as also indicated herein, Petitioner's Motion for Summary Judgment (ECF No. 87), Motion to Grant Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56(e) on Government's Failure to Respond (ECF No. 95), Motion to Vacate Order Due to Docket Errors and Reinstate Defendant's Motion for Default Judgment (ECF No. 110), and Motion for Sanctions (ECF No. 108) are DENIED as well.

1

BACKGROUND

On January 2, 2008, on the morning of a scheduled two week jury trial, David M. Robinson pled guilty to all twenty-eight counts of a superseding criminal indictment, charging him with violations of the mail and wire fraud statutes set forth in 18 U.S.C. §§1341 and 1342. This plea of guilty on the morning of trial, with the jury waiting to be impaneled, was accepted by this Court after a very thorough plea colloquy pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The statement of facts provided by the government and agreed to by Mr. Robinson indicated that he had been released from federal prison in April of 2003 after serving a combined sentence of 106 months on two previous federal fraud convictions. This agreed statement of facts reflected that almost immediately upon release from federal prison Robinson established a business entitled "Liberty Trade International." In connection with this business, Robinson provided potential investors with misrepresentations and omitted material information. Ultimately, the Securities Commissioner of the Maryland Attorney General's office sought a permanent injunction and the appointment of a receiver to take over the operations of this business. After the court appointed receiver took control of this business it was determined that Robinson's business owed investors over $7 million dollars in principal and interest payments, but had only $1.4 million in bank accounts.

On May 1, 2008, this Court sentenced Robinson to a term of 188 months incarceration. Robinson appealed his convictions to the United States Court of Appeals for the Fourth Circuit, which ultimately affirmed his convictions on July 31, 2009. *See United States v. Robinson,* 341 F. App'x 942 (4th Cir. Jul. 31, 2009), ECF No. 73. Robinson sought *en banc* review by the Fourth Circuit, but that petition was denied on September 8, 2009. *See* USCA Order, ECF No. 75. The Fourth Circuit issued a renewed Mandate on September 16, 2009. Robinson then filed a

petition for writ of certiorari, which was denied by the Supreme Court of the United States on October 5, 2009. *See* ECF No. 77–1.

On October 28, 2011, Petitioner filed a "Motion for Dismissal of Indictment and Vacation of Judgment for Failure to State an Offense Under FRCrP Rule 12(b)(3)(B)" (ECF No. 76). By Memorandum Order issued on February 29, 2012, this Court construed Mr. Robinson's filing as one seeking habeas corpus relief pursuant to 28 U.S.C. §2255(a) and denied the motion as untimely. *See* Mem. Order, ECF No. 82. On March 12, 2012, Petitioner filed a "Motion for Reconsideration of Defendant's Motion for Dismissal of Indictment and Vacation of Judgment Under FRCrP 12(b)(3)(B) with Memorandum of Law" (ECF No. 83). Petitioner also filed, on March 16, 2012, "Defendant's Motion in Advance to Consolidate Appeals of FRCrP 12(b)(3)(B) and FRCvP 60(b)(4) Motions if Denied" (ECF No 84).

In a Memorandum Order issued on July 10, 2012, this Court granted Petitioner's "Motion for Reconsideration" (ECF No. 83) in part, acknowledging that it had erred, in violation of *Castro v. United States*, 540 U.S. 375 (2003), by not giving Petitioner notice that his motion was to be construed under §2255 (ECF No. 85). Although this Court noted that Petitioner's prior filing (ECF No. 76) would not affect the filing of a future motion pursuant to §2255, the Court denied the motion in all other aspects. This Court also denied Petitioner's Motion to Consolidate FRCrP 12(b)(3)(B) and FRCvP 60(b)(4). *Id.*

On January 2, 2013, Petitioner filed a motion seeking summary judgment under Rule 56 of the Federal Rules of Civil Procedure (ECF No. 87). On January 24, 2013, over three years after the Supreme Court denied his petition for writ of certiorari, Petitioner filed his current "Motion for Vacation of Judgment for Lack of Subject Matter Jurisdiction Pursuant to Federal Rules of Civil Procedure Rule 60(b)(4)" (ECF No. 89). This Court issued an order on February

28, 2013, explaining that Rule 60(b) of the Federal Rules of Civil Procedure did not provide a means to challenge his criminal conviction and noting its intent to construe his motion pursuant to §2255, unless Petitioner indicated otherwise. ECF No. 96 & 97. Petitioner responded on March 18, 2013, stating that Rule 60(b)(4) can be used in criminal proceedings and that there are "extraordinary circumstances" present in his case because he was unaware that the Fourth Circuit denied his petition for *en banc* review until two years later (ECF No. 98).

On July 2, 2013, this Court directed the Government to respond to Petitioner's January 24, 2013 Motion to Vacate. ECF No. 100. The Government filed a response on September 13, 2013,[1] arguing that Federal Rule of Civil Procedure 60(b)(4) is inapplicable to criminal cases and that, even if the 60(b)(4) motion is reconstrued as a §2255 motion, Petitioner's motion should be denied as untimely and is not subject to equitable tolling. ECF No. 109. Petitioner replied to the Government's motion on September 13, 2013. ECF No. 111.

## STANDARD OF REVIEW

While the record reflects that Robinson is a graduate of the University of Maryland School of Law, it does not appear that he had any extensive legal practice. Accordingly, a plaintiff filling *pro se* is held to a "less stringent standard[]" than is a lawyer, and the Court must liberally construe his claims, no matter how "inartfully" pled. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted); *accord Brown v. N.C. Dep't of Corr.*, 612 F.3d 720, 724 (4th Cir. 2010) (observing that liberal construction of a complaint is particularly appropriate where a *pro se* plaintiff alleges civil rights violations).

---

[1] The original Order stated that the Government had sixty (60) days to respond. *See Order*, ECF No. 101. However, this Court subsequently granted the Government an additional 10 days. *See Order*, ECF No. 104.

ANALYSIS

Finding that (1) Federal Rule of Civil Procedure 60(b)(4) is inapplicable in the instant case, (2) Petitioner's motion, properly construed as one pursuant to §2255, is defective, and (3) Petitioner's claims lack merit, irrespective of these barriers, this Court shall deny Petitioner's Motion for Vacation of Judgment (ECF No. 89).

**I.     Petitioner's Invocation of Federal Rule of Civil Procedure 60(b)(4) is Inappropriate in this Instance.**

Petitioner invokes Rule 60(b)(4) and claims his conviction is void and may be attacked at any time because the indictment failed, as a result of failing to state a material element of the offense charged, to properly state a crime. However, this Court finds that Rule 60(b)(4) is inapplicable to the case at hand.

The Federal Rules of Civil Procedure do not provide Petitioner a means for challenging his criminal judgment. *See* FED. R. CIV. P. 1 (noting that the rules "govern proceedings in all civil actions and proceedings in the United States district courts"). The use of Rule 60(b) in criminal proceedings is exceptionally narrow—namely, that Rule 60(b) motions may be used to challenge procedural errors of prior habeas proceedings when "neither the motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's [] conviction." *Gonzales v. Crosby*, 545 U.S. 524, 533 (2005); *see also, Compton, v. Alton Steamship Co.,* 608 F.2d 96, 102 (4th Cir. 1979) (noting that, as a general rule, relief under Rule 60(b) is an "extraordinary remedy" to be used only in "exceptional circumstances."). However, Petitioner's 60(b) motion challenges not a procedural defect (although he phrases it as such), but rather the conviction itself. Because Petitioner's motion attacks the substance of his criminal conviction, as opposed to a procedural defect in a prior

5

habeas proceeding, Rule 60(b)(4) is inappropriate.[2] Furthermore, because Petitioner himself argues that none of his filings are to be construed as a habeas petition, *see, e.g.,*, Def.'s Resp. Notice Recharacterize Rule 60(b)(4) Mot. 3-4, ECF No. 98, Rule 60(b)(4) is not applicable to challenge his criminal conviction because there is no ruling on a § 2255 motion to be challenged.

## II. Petitioner's Motion, if Properly Construed as One Seeking Relief Pursuant §2255, Fails as Untimely.

It is "the longstanding practice of courts to classify *pro se* pleadings from prisoners according to their contents, without regard to their captions." *U.S. v. Winestock*, 340 F.3d 200, 203 (4th Cir. 2003); *see also Castro v. United States*, 540 U.S. 375, 381 (2003) (noting that courts may recharacterize motions filed by *pro se* litigants to create better correspondence between the subject of the motion and its underlying legal basis). While Petitioner has framed his motion as one pursuant to Federal Rules of Civil Procedure Rule 60(b)(4), he essentially attacks the validity of his conviction and sentence. *See* Pet'r's Reply to Gov't Opp'n 5, September 30, 2013, ECF No. 111 ("The specific claims presented in both [Petitioner's] 12(b)(3)(B) and 60(b)(4) motions are the lack of subject matter jurisdiction of the district court based on an 'insufficient' indictment, and that the judgment of conviction is 'void' as a matter of law."). In other words, Petitioner attempts to utilize the Court's *Castro* error in order to challenge his conviction, asking this Court to "grant him immediate release from a wrongful conviction."

---

[2] Petitioner has also failed to provide any evidence of extraordinary circumstances that kept him from filing in a timely manner in this case. *For a discussion on exceptional circumstances, see Martinez-McBean v. Govt. of Virgin Islands*, 562 F.2d 908, 911-12 (3d Cir. 1977) (concluding that the district court's legal error—that a ruling was based on an erroneous application of the law—alone did not meet the requirement of Rule 60(b)); *U.S. v. Cirami*, 563 F.2d 26 (2d Cir. 1977) (finding that defense counsel's failure to oppose a motion for summary judgment as a result of mental illness, if proven, may establish a "set of exceptional circumstances, resulting in a situation of extreme hardship") (internal quotations omitted).

In *Irwin v. Dep't. of Veterans Affairs*, 498 U.S. 89 (1990), the Supreme Court noted that a litigant who fails to file in a timely manner because he or she waits to personally receive notice amounts to "at best a garden variety claim of excusable neglect." Irwin, 498 U.S. at 96. Thus, this Court finds that regardless of whether he did or did not receive notice of the Fourth Circuit's denial of his petition for two years, Petitioner's failure to file for over two years was neglect at best and does not constitute an extraordinary circumstance in this case.

Pet'r's Reply 11 (ECF No. 111). Because Petition challenges the substance of his criminal conviction the appropriate vehicle in this instance is a motion pursuant to § 2255. *See, e.g., United States v. Mazun*, 369 Fed. Appx. 876, 878 (10th Cir. Feb. 16, 2010) (unpublished) ("A challenge to one's conviction is the proper subject of a § 2255 motion, not a Rule 60(b) motion.").

Construing Petitioner's Motion as one challenging his conviction, it is clear that his motion is untimely. A one-year statute of limitations began to run on the date which Petitioner's Conviction became final. 28 U.S.C. §2255(f). As discussed above, Petitioner appealed his conviction to the United States Court of Appeals for the Fourth Circuit, which ultimately affirmed the decision on July 31, 2009. *See United States v. Robinson,* 341 F. App'x 942 (4th Cir. Jul. 31, 2009), ECF No. 73. He then sought *en banc* review by the Fourth Circuit, but was denied on September 8, 2009. *See* USCA Order, ECF No. 75. The Fourth Circuit issued a renewed Mandate on September 16, 2009. Robinson then filed a petition for writ of certiorari, which was denied by the Supreme Court of the United States on October 5, 2009. *See* ECF No. 77–1. Therefore, the one-year period expired in October 2010. However, Petitioner did not file the presently pending Rule 60(b)(4) motion until January 24, 2013, over two years after the expiration date. *See Clay v. United States*, 537 U.S. 522, 527 (2003) ("Finality attaches when this Court affirms a conviction on the merits or denies a petition for writ of certiorari, or when the time for filing a certiorari petition expires.").

Furthermore, Petitioner has not met the heavy burden of demonstrating that equitable tolling is appropriate in this instance. Deviation from the Antiterrorism and Effective Death Penalty Act's strict filing deadlines is exceptionally rare. *See Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000) ("[A]ny invocation of equity to relieve the strict application of a statute

7

of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes."); *see also, Rouse v. Lee*, 339 F.3d 238, 253 (4th Cir. 2003) ("Failure to adhere to the AEDPA's precise filing deadlines, however, even 'by only a few days,' 'would make navigating the AEDPA's timetable impossible. Such laxity would reduce predictability and would prevent us from treating the similarly situated equally.'") (quoting *Lookingbill v. Cockrell*, 293 F.3d 256, 264-65 (5th Cir. 2002)). Therefore, the Fourth Circuit has recognized that "any resort to equity must be reserved for those rare instances where *– due to circumstances external to the party's own conduct –* it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris*, 209 F.3d at 330 (emphasis added).

Petitioner's failure to timely file a motion is directly traceable to his own lack of diligence. As a graduate of the University of Maryland School of Law, Petitioner should have been able to recognize the finality of the Supreme Court of the United States' refusal to grant a writ of certiorari in his case and filed a motion to vacate within a year of receiving such notice. Moreover, there is no evidence in the record suggesting that Petitioner was in some way unable—due to external circumstances—to determine the status of his request for rehearing or why, at the very least, he waited two years to inquire about the motion's status. Additionally, after receiving notice of denial—regardless of whether Petitioner first received notice two years after the Appellate Court's denial—there is nothing in the record to explain why Petitioner waited for more than one year to file the presently pending motions. Therefore, this Court finds no circumstances justifying departure from the strictures of AEDPA guidelines.

### III. Regardless of the Aforementioned Defects, This Court Finds That Petitioner's Claims Lack Merit.

Even if this Court were to ignore the defects in Petitioner's Motion—namely that Rule 60(b) is inappropriate to the case at hand and that, construed as a § 2255 motion, his motion is untimely—his claim is totally without merit.

In order to successfully assert a Rule 60(b)(4) claim "[t]he movant must make a showing of timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." *Werner v. Carbo*, 731 F.2d 204, 206-07 (4th Cir. 1984) (citing *Compton.*, 608 F.2d at 102. Only after these initial requirements are satisfied may the court consider relief from final judgment. However, because Petitioner has failed to state a meritorious defense and demonstrate exceptional circumstances, his Rule 60 claims must fail.

In his original "Motion for Vacation of Judgment for Lack of Subject Matter Jurisdiction Pursuant to Federal Rules of Civil Procedure Rule 60(b)(4)," Petitioner claims that his conviction is void because the government did not allege either "fraudulent misrepresentation" or "active concealment" of a material fact as essential elements in the indictment against him. Pet'r's Mot. Vacation of J. 3, Jan. 1, 2013, ECF No. 89. Petitioner claims that the non-disclosure of his prior felony conviction in this case is not sufficient to constitute fraud by omission. *Id.* Therefore, Petitioner argues that the indictment against him is void precisely because "there [are] no allegations in the indictment nor evidence proffered to prove 'active concealment' of a 'material' fact." *Id.* at 4. As the Petitioner's willful failure to disclose his prior criminal history is clearly sufficient to establish fraud, his claim that his conviction in this case is void must fail.

Robinson's plea of guilty to all counts of the superseding criminal indictment on the morning of trial was accepted by this Court after a proffer of a statement of facts with which

9

Robinson agreed. That statement of facts outlined a classic "Ponzi Scheme" similar to the conduct which had resulted in an earlier federal criminal conviction. The statement of facts included a recitation of various fraudulent acts of the Petitioner, including his failure to include his prior criminal conviction. Petitioner pled guilty to eleven counts of wire fraud[3] and sixteen counts of mail fraud in violation of 18 U.S.C. §§ 1341, 1343 on January 2, 2008.[4] ECF No. 85 at 1. "Wire fraud is established through the existence of a scheme to defraud and the use of interstate wires in furtherance of that scheme. The scheme . . . can be in the form of . . . active concealment of a material fact with the intent to deceive." *United States v. Pasquantino,* 336 F.3d 321, 332-33 (4th Cir. 2003). "[N]umerous decisions expressly distinguish between passive concealment—mere nondisclosure or silence—and active concealment, which involves the requisite intent to mislead by creating a false impression or representation, and which is sufficient to constitute fraud even without a duty to speak." *United States v. Colton*, 231 F.3d 890, 899 (4th Cir. 2000). And while

> [c]oncealment and non-disclosure are closely related and in any given situation usually overlap….To create a cause of action, concealment must have been intentional and effective-the hiding of a material fact with the attained object of creating or continuing a false impression as to that fact. The affirmative suppression of the truth must have been with intent to deceive.

---

[3] 18 U.S.C.A. § 1343 provides in relevant part:
   Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be fined under this title or imprisoned not more than 20 years, or both.

4 The elements of wire fraud under Section 1343 directly parallel those of the mail fraud statute, but require the use of an interstate telephone call or electronic communication made in furtherance of the scheme. *United States v. Briscoe*, 65 F.3d 576, 583 (7th Cir. 1995).

*Id.* (citing *Fegeas v. Sherrill,* 147 A.2d 223, 225 (1958)). "[A] fact is material if it has a natural tendency to influence or is capable of influencing the intended victim." *Pasquantino,* 336 F.3d at 332-33 (citing *Neder v. United States*, 527 U.S. 1, 22 (1994)).

The Fourth Circuit, in *Colton*, reasoned that omissions constitute fraud when the purpose of such an omission is to conceal information in a manner that "is intended to induce a false belief and resulting action to the advantage of the misleader and the disadvantage of the misled." *Colton*, 231 F.3d at 902-03 (internal citations omitted). Despite the appellant's claims that his bank fraud convictions could not stand as a result of the government's failure to provide evidence of affirmative actions constituting fraud, the court found that the appellant had committed fraud "by actively seeking ways to hide, mask, or divert attention away from" material information concerning a business transaction. *Colton*, 231 F.3d at 901. The appellant, for instance, selected a respected individual to represent the interest of several guarantors to a trust in a business transaction order to create an aura of legitimacy and hide the source of the funds. *Id.* at 895. Furthermore, the court reasoned that appellant fostered a false impression in order to gain a monetary benefit he may otherwise not receive. *Id.* at 895, 901. "[T]he very structure of the transaction would allow a reasonable inference of an intent to defraud." *Colton*, 231 F.3d at 901 (internal quotations omitted); *see also United States v. Aubin,* 87 F.3d 141, 146 (5th Cir.1996) (affirming bank and wire fraud convictions because the evidence clearly showed that the parties knew that they had to conceal the true nature of the transaction if their scheme was to succeed).

A jury could reasonably infer that Petitioner intentionally induced a false belief in his investors that he was trustworthy in order to encourage them to invest in Liberty Trade International, resulting in a detriment to those investors. During Petitioner's sentencing on May

1, 2008, one of Petitioner's former investors (Ms. Sterling) was questioned about how Petitioner portrayed himself, explaining that:

> Mr. Gray: All right. Were there other things that he said or ways that he talked or things that he made reference to that helped you to feel that he was someone you could trust?
>
> Ms. Sterling: Yes. He'd send me emails of properties, pictures of houses that he's investing in. Also members from FDI quotes, testimonials I should say from them and show just a copy of everything, I guess everything combined.
>
> Mr. Gray: Did he ever make reference to his own religious values and religious principles?
>
> Ms. Sterling: Oh, yes, he has. I even have a quote here where he arrogantly said "Liberty Trade belongs to God and if God is with us, who can be against us?"

Transcript of Sentencing, May 1, 2008, ECF No. 62 at 41:13-24. These representations can be construed as actions designed to induce trust among potential and current investors. By intentionally failing to reveal his criminal background, Petitioner's conduct maintained this trustworthy image, thereby inducing investors to take positions they may otherwise avoided. In other words, Petitioner's concealment— in an effort to maintain or create a sense of trust— was material to the many investment transactions. Accordingly, this Court finds that Petitioner actively concealed the material fact of his prior felony conviction with the intent to defraud his victims, resulting in a disadvantage to his investors in the amount of $2.5 million in losses.

Moreover, Petitioner's reliance on *Russell v. United States*, 369 U.S. 749 (1962) is misplaced. *Russell* involved convictions for refusing to answer certain questions before a congressional subcommittee. *Russell*, 369 U.S. at 752. The Supreme Court found that, "[i]n each case the indictment returned by the grand jury failed to identify the subject under congressional subcommittee inquiry at the time the witness was interrogated." *Id.* The ambiguity of the *Russell* indictments is not present in the indictment here. In *Russell*, the Supreme Court held, "it is not sufficient to set forth the offense in the words of the statute, <u>unless those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements</u>

necessary to constitute the offense intended to be punished." *Id*. at 765 (emphasis added). In this case, the text of 18 U.S.C. § 1343 fully sets forth the elements necessary to constitute the offense intended to be punished. The language of the statute clearly indicates that "false or fraudulent pretenses [and] representations" are the punishable transgressions. 18 U.S.C. §1343. Thus, the indictment against petitioner is sufficient and Petitioner's conviction is not void.

Finally, in *U.S. v. Hartwell*, 448 F.3d 707 (4th Cir. 2006), the Fourth Circuit held that orders are only "void" under Federal Rule of Civil Procedure 60(b)(4) when a court inappropriately seizes jurisdiction:

> [W]hen deciding whether an order is "void" under [Civil] Rule 60(b)(4) for lack of subject matter jurisdiction, courts must look for the rare instance of a clear usurpation of power. A court plainly usurps jurisdiction only when there is a total want of jurisdiction and [there is] no arguable basis on which it could have rested a finding that it had jurisdiction.

*U.S. v. Hartwell*, 448 F.3d 707, 722 (4th Cir. 2006) (quoting *Wendt v. Leonard*, 431 F.3d 410, 413 (4th Cir. 2005)). Because the indictment was sufficient, this Court did not lack subject matter jurisdiction to convict Petitioner. The indictment laid out the elements necessary to constitute the punishable offenses. Moreover, similar to *Colton* and *Aubin*, Petitioner's course of conduct indicated a scheme to defraud investors by masking information about his prior convictions that were material to the decision to invest in his company, Liberty Trade International. In sum, this Court finds that Petitioner's claim has no merit.

**IV. Petitioner's Other Motions**

Petitioner has filed a variety of other motions attacking this Court's sentence and previous orders in this matter, including a "Motion for Summary Judgment" (ECF No. 87), a "Motion to Recuse Judge Based on Bias" (ECF No. 92),[5] a "Motion to Grant Summary

---

[5] Petitioner's Motion to Recuse (ECF No. 92), which is addressed in a separate Memorandum Opinion and Order on this date, is DENIED.

13

Judgment Pursuant to Federal Rules of Civil Procedure Rule 56(e) on Government's Failure to Respond" (ECF No. 95), and a "Motion to Vacate Order Due to Docket Errors and Reinstate Defendant's Motion for Default Judgment" (ECF No. 110). The Court has requested no responses from the Government, and none have been filed. Nevertheless, these motions are without merit and, as such, are denied. Specifically, Petitioner's Motions for Summary Judgment (ECF Nos. 87 and 95) raise the same basic issues as his Motion to Vacate (ECF No. 89) and are denied for the reasons outlined above.[6] Petitioner's Motion to Vacate Order (ECF No. 110) is also meritless, as the Government responded as directed by the Court.[7] Moreover, in light of the "strong policy that cases be decided on the merits," *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993), it is more appropriate for the Court to address the merits of a case, as the Court has done here *supra* Part III.

In addition, Petitioner's Motion for Sanctions (ECF No. 108) is meritless, as this Court granted the Government's Motion Requesting an Additional Ten Days to Respond to Robinson's Motion to Vacate Judgment (ECF No. 103). As such, the Government's Response was timely and the Motion for Sanctions (ECF No. 108) will be denied.

CONCLUSION

For the reasons stated above, Petitioner's Motion to Vacate, Set Aside or Correct Sentence (ECF No. 89), Motion for Summary Judgment (ECF No. 87), Motion to Grant Summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56(e) on Government's Failure to Respond (ECF No. 95), Motion to Vacate Order Due to Docket Errors and Reinstate

---

[6] Although Petitioner asserts Rule 56 as the basis of these motions (rather than Rule 60), the same basic reasoning applies. There is no pending § 2255 proceeding at this time.

[7] A short description of the procedural posture is contained *supra*.

Defendant's Motion for Default Judgment (ECF No. 110), and Motion for Sanctions (ECF No. 108) are DENIED.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies a petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because reasonable jurists would not find Petitioner's claims debatable, a certificate of appealability is DENIED.

A separate Order follows.

Dated: January 23, 2014

_____/s/_____
Richard D. Bennett
United States District Judge