IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Crim. Action No.: RDB-07-0087 |
| DAVID M. ROBINSON, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**<u>MEMORANDUM ORDER</u>**

On January 2, 2008, Defendant David M. Robinson ("Defendant" or "Robinson") pled guilty to twenty seven counts of wire and mail fraud, in violation of 18 U.S.C. §§ 1341 & 1343.  *See* Rearraignment, ECF No. 39.  Defendant was sentenced by this Court on May 1, 2008 to a term of 188 months incarceration (ECF No. 50), and Judgment was entered on May 2, 2008 (ECF No. 54)[1].  Just seven days later, Defendant appealed this Court's Judgment to the United States Court of Appeals for the Fourth Circuit.  *See* Not. of Appeal, ECF No. 55.  The Fourth Circuit affirmed this Court's Judgment on July 31, 2009.  *See United States v. Robinson*, 341 F. App'x 942 (4th Cir. 2009).  Defendant then proceeded to file a litany of motions for post-sentencing relief, including a Motion to Vacate, pursuant to 28 U.S.C. § 2255.  Those motions were ultimately denied by this Court, and Defendant's attempts at further appeal were dismissed by the Fourth Circuit.

Currently pending before this Court are Defendant's Motion for a Certificate of Appealability (ECF No. 133), Defendant's Motion Requesting Court Re-appointment of Federal Public Defender for Pending Habeas Proceeding ("Motion for Re-appointment of

---

[1] The Judgment was amended on May 14, 2008 to correct a clerical mistake.  *See* Am. J., ECF No. 56.

Counsel") (ECF No. 136), Defendant's Motion for Leave to Amend his Motion to Vacate under 28 U.S.C. § 2255 ("Motion to Amend") (ECF No. 138); and Defendant's Emergency Motion to Vacate Void Judgment and Sentence Due to Lack of Subject Matter Jurisdiction, pursuant to Rule 12(c)(3)(B) of the Federal Rules of Criminal Procedure and Rule 12(h)(3) of the Federal Rules of Civil Procedure ("Emergency Motion to Vacate") (ECF No. 144). The submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2014). For the reasons stated herein, Defendant's Motion for a Certificate of Appealability (ECF No. 133) is DENIED; Defendant's Motion for Re-appointment of Counsel (ECF No. 136) is DENIED; Defendant's Motion to Amend (ECF No. 138) is DENIED; and Defendant's Emergency Motion to Vacate (ECF No. 144) is also DENIED.

## BACKGROUND

The facts of this case were set forth fully in this Court's Memorandum Opinion dated January 23, 2014 (ECF No. 119). Therefore, only the relevant procedural background is restated herein:

On the morning of his trial, scheduled for January 2, 2008, Defendant David M. Robinson ("Defendant" or "Robinson") pled guilty to twenty seven counts of wire and mail fraud[2], in violation of 18 U.S.C. § 1341 & 1343. *See* Rearraignment, ECF No. 39. Robinson was sentenced by this Court on May 1, 2008 to a term of 188 months incarceration (ECF No. 50), and Judgment was entered on May 2, 2008 (ECF No. 54)[3]. Seven days later, Robinson appealed this Court's Judgment to the United States Court of Appeals for the

---

[2] All counts related to Robinson's alleged failure to disclose his prior criminal activity to investors in what was characterized as a "Ponzi Scheme."

[3] The Judgment was amended on May 14, 2008 to correct a clerical mistake. See Am. J., ECF No. 56.

2

Fourth Circuit, challenging the guilty plea he had entered into just weeks earlier. *See* Not. of Appeal, ECF No. 55. The Fourth Circuit affirmed Robinson's conviction on July 31, 2009. *See Robinson*, 341 F. App'x 942.

Subsequently, Robinson filed a Motion for Dismissal of Indictment and Vacation of Judgment for Failure to State an Offense Under Rule 12(b)(3)(B) of the Federal Rules of Criminal Procedure (ECF No. 76), which this Court construed as a motion seeking habeas corpus relief, pursuant to 28 U.S.C. § 2255, and denied via Memorandum Order dated February 29, 2012 (ECF No. 82). Robinson then filed a Motion for Reconsideration of this Court's Judgment (ECF No. 83), which was granted in part and denied in part via Memorandum Order dated July 10, 2012 (ECF No. 85). Specifically, this Court ruled that the underlying motion would not be construed as a 28 U.S.C. § 2255 motion, but affirmed its denial of the motion on all substantive grounds. *See* Mem. Order, p. 4, ECF No. 85.

Robinson proceeded to file a litany of additional motions, including a Motion for Summary Judgment (ECF No. 87), Motion to Vacate, pursuant to 28 U.S.C. § 2255 (ECF No. 89), Motion to Recuse Judge Based on Bias (ECF No. 92), Motion to Grant Summary Judgment (ECF No. 95), Motion for Default Judgment (ECF No. 102), Renewed Motion for Default Judgment (ECF No. 105), and Motion for Sanctions (108), which were all denied via Orders of this Court dated September 12, 2013 (ECF No. 106) and January 23, 2014 (ECF Nos. 118 & 120). After denying Robinson's Motion to Vacate, pursuant to 28 U.S.C. § 2255, this Court also denied Robinson a certificate of appealability, pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, finding that no reasonable jurists would find his claims debatable. *See* Mem. Op., p. 15, ECF No. 119.

Robinson proceeded to appeal this Court's denial of several of his motions, including his Motion to Vacate, pursuant to 28 U.S.C. § 2255. *See* Not. of Appeal, ECF No. 121. Via Judgment dated June 4, 2014, the United States Court of Appeals for the Fourth Circuit denied Robinson's request for a certificate of appealability and dismissed his appeal (ECF No. 125). Subsequently, Robinson filed a second Motion to Vacate, pursuant to 28 U.S.C. § 2255 (ECF No. 129), which this Court dismissed via Order dated November 5, 2014 (ECF No. 131). Robinson appealed that Judgment, but the Fourth Circuit denied his request for a certificate of appealability and dismissed his appeal via Judgment dated March 2, 2015 (ECF No. 137).

Robinson has since filed the presently pending Motion for a Certificate of Appealability (ECF No. 133), Motion Requesting Court Re-appointment of Federal Public Defender for Pending Habeas Proceeding ("Motion for Re-appointment of Counsel") (ECF No. 136), Motion for Leave to Amend his Motion to Vacate under 28 U.S.C. § 2255 ("Motion to Amend") (ECF No. 138); and Emergency Motion to Vacate Void Judgment and Sentence Due to Lack of Subject Matter Jurisdiction, pursuant to Rule 12(c)(3)(B) of the Federal Rules of Criminal Procedure and Rule 12(h)(3) of the Federal Rules of Civil Procedure ("Emergency Motion to Vacate") (ECF No. 144).

## ANALYSIS

**I.      Defendant's Emergency Motion to Vacate (ECF No. 144) is DENIED.**

In his presently pending Emergency Motion to Vacate Void Judgment and Sentence Due to Lack of Subject Matter Jurisdiction, pursuant to Rule 12(c)(3)(B) of the Federal Rules of Criminal Procedure and Rule 12(h)(3) of the Federal Rules of Civil Procedure

4

("Emergency Motion to Vacate") (ECF No. 144), Defendant raises only one argument. He contends that his "conviction and sentence are 'void' from their inception" because "[t]he indictment omits the essential element of a 'scheme or artifice' to defraud and merely alleges a 'non-offense.'" Emergency Mot. to Vacate, p. 7, ECF No. 144. Defendant claims that in *Neder v. United States*, 527 U.S. 1 (1999), the United States Supreme Court "held that 'materiality' of falsehood is an essential element of the 'scheme or artifice' to defraud prohibited by the federal fraud statutes even though the statutes' text does not mention 'materiality.'" *Id.* at 2. He contends that "information concerning his long-ago criminal background" was not material and, therefore, that his failure to disclose that information, as alleged in the indictment, constitutes a "non-offense." *Id.* at 3-5. Accordingly, he requests that this Court vacate his conviction and sentence because a United States District Court "is without jurisdiction to accept a guilty plea to a 'non-offense.'" *Id.*

Defendant has already argued in his prior motions that this Court lacks subject matter jurisdiction for the reasons stated above. This Court explicitly rejected his argument in its Memorandum Opinion and Order, dated January 23, 2014 (ECF No. 119). Furthermore, the United States Court of Appeals for the Fourth Circuit denied Defendant's request to appeal that Order via Judgment dated June 4, 2014 (ECF No. 125). This Court held, on January 23, 2014, that Defendant's "willful failure to disclose his prior criminal history [was] clearly sufficient to establish fraud" and, therefore, that "his claim that his conviction in this case is void must fail." Mem. Op., p. 9, ECF No. 119.

On January 2, 2008, Robinson pled guilty to all 27 counts of wire fraud and mail fraud alleged in the Second Superseding Indictment, in violation of 18 U.S.C. §§ 1341 &

1343. *See* Rearraignment Trans., Jan. 2, 2008, p. 32-39, ECF No. 64. Robinson indicated to this Court that he understood the substance of the charges and that they included "knowingly devis[ing] or participat[ing] in a scheme to obtain money or property *by means of false or fraudulent pretenses or representations relating to a material fact*." *Id.* Additionally, Robinson agreed to the Government's statement of facts, summarized on the record, which indicated that he had formed a "Ponzi Scheme" named Liberty Trade International and had recruited investors without mention of his prior convictions for fraud offenses. *Id*; *see also* Statement of Facts, Gov't Sentencing Ex. No. 1.

The United States Court of Appeals for the Fourth Circuit has held that the "scheme" required for conviction under federal wire and mail fraud statutes "can be in the form of . . . active concealment of a material fact with the intent to deceive." *United States v. Pasquantino*, 336 F.3d 321, 332-33 (4th Cir. 2003). "[N]umerous decisions expressly distinguish between passive concealment—mere nondisclosure or silence—and active concealment, which involves the requisite intent to mislead by creating a false impression or representation, and which is sufficient to constitute fraud even without a duty to speak." *United States v. Colton*, 231 F.3d 890, 899 (4th Cir. 2000).

> [While] [c]oncealment and non-disclosure are closely related and in any given situation usually overlap....To create a cause of action, concealment must have been intentional and effective-the hiding of a material fact with the attained object of creating or continuing a false impression as to that fact. The affirmative suppression of the truth must have been with intent to deceive.

*Id.* (citing *Fegeas v. Sherrill*, 147 A.2d 223, 225 (1958)). "[A] fact is material if it has a natural tendency to influence or is capable of influencing the intended victim." *Pasquantino*, 336 F.3d at 332-33 (citing *Neder v. United States*, 527 U.S. 1, 22 (1994)).

6

The Fourth Circuit, in *Colton*, reasoned that omissions constitute fraud when the purpose of such an omission is to conceal information in a manner that "is intended to induce a false belief and resulting action to the advantage of the misleader and the disadvantage of the misled." *Colton*, 231 F.3d at 902-03 (internal citations omitted). Despite the appellant's claims that his bank fraud convictions could not stand as a result of the government's failure to provide evidence of affirmative actions constituting fraud, the court found that the appellant had committed fraud "by actively seeking ways to hide, mask, or divert attention away from" material information concerning a business transaction. *Colton*, 231 F.3d at 901. The appellant, for instance, selected a respected individual to represent the interest of several guarantors to a trust in a business transaction order to create an aura of legitimacy and hide the source of the funds. *Id.* at 895. Furthermore, the court reasoned that appellant fostered a false impression in order to gain a monetary benefit he may otherwise not receive. *Id.* at 895, 901. "[T]he very structure of the transaction would allow a reasonable inference of an intent to defraud." *Colton*, 231 F.3d at 901 (internal quotations omitted); *see also United States v. Aubin*, 87 F.3d 141, 146 (5th Cir. 1996) (affirming bank and wire fraud convictions because the evidence clearly showed that the parties knew that they had to conceal the true nature of the transaction if their scheme was to succeed).

A jury could clearly find that Defendant intentionally induced a false belief in his investors that he was trustworthy in order to encourage them to invest in "Liberty Trade International," resulting in a detriment to those investors. During Defendant's sentencing on May 1, 2008, one of Defendant's former investors (Ms. Sterling) was questioned about how Defendant portrayed himself, explaining that:

7

> Mr. Gray: All right. Were there other things that he said or ways that he talked or things that he made reference to that helped you to feel that he was someone you could trust?
> Ms. Sterling: Yes. He'd send me emails of properties, pictures of houses that he's investing in. Also members from FDI quotes, testimonials I should say from them and show just a copy of everything, I guess everything combined.
> Mr. Gray: Did he ever make reference to his own religious values and religious principles?
> Ms. Sterling: Oh, yes, he has. I even have a quote here where he arrogantly said "Liberty Trade belongs to God and if God is with us, who can be against us?"

Transcript of Sentencing, May 1, 2008, ECF No. 62 at 41:13-24. These representations can be construed as actions designed to induce trust among potential and current investors. By intentionally failing to reveal his criminal background, Defendant's conduct maintained this trustworthy image, thereby inducing investors to take positions they may otherwise avoided. In other words, Defendant's concealment— in an effort to maintain or create a sense of trust— was material to the many investment transactions. Accordingly, this Court finds that Defendant actively concealed the material fact of his prior felony conviction with the intent to defraud his victims, resulting in a disadvantage to his investors in the amount of $2.5 million in losses.

Because the indictment was sufficient, this Court did not lack subject matter jurisdiction to convict Defendant. The indictment laid out the elements necessary to constitute the punishable offenses. Moreover, similar to *Colton* and *Aubin*, Defendant's course of conduct indicated a scheme to defraud investors by masking information about his prior convictions that were material to the decision to invest in his company, Liberty Trade International. Therefore, Defendant's argument fails for the same reasons this Court

rejected this argument in its previous Memorandum Opinion. This Court had subject matter jurisdiction to convict and sentence Defendant. Accordingly, Defendant's presently pending Emergency Motion to Vacate (ECF No. 144) is DENIED.[4]

## II. Defendant's Motion for a Certificate of Appealability (ECF No. 133) is DENIED.

After denying Defendant's Motion to Vacate, pursuant to 28 U.S.C. § 2255, this Court also denied Defendant a certificate of appealability, pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, finding that no reasonable jurists would find his claims debatable. See Mem. Op., p. 15, ECF No. 119. Via Judgment dated June 4, 2014, the United States Court of Appeals for the Fourth Circuit denied Defendant's request for a certificate of appealability and dismissed his appeal (ECF No. 125). In denying Defendant a certificate of appealability, this Court reasoned as follows:

> Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies a petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because reasonable jurists would not find Petitioner's claims debatable, a certificate of appealability is DENIED. Mem. Op., p. 15, ECF No. 119.

---

[4] As stated *supra*, Defendant's Motion to Vacate, pursuant to 28 U.S.C. § 2255 was denied by this Court on January 23, 2014. A certificate of appealability was denied, and the Fourth Circuit dismissed Defendant's appeal. Defendant has subsequently filed a Motion for Leave to Amend his Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 138). That Motion to Amend is untimely as the underlying Motion to Vacate had already been denied by this Court, and the Fourth Circuit had dismissed Defendant's appeal, when it was filed. Additionally, in his Motion to Amend Defendant raises the same argument, founded on lack of subject matter jurisdiction, rejected by this Court herein. Therefore, Defendant's Motion to Amend (ECF No. 138) is DENIED.

Since that time, Defendant has simply re-stated arguments already rejected by this Court. For these reasons, Defendant's Petition for a Certificate of Appealability (ECF No. 133) is DENIED.[5]

## **CONCLUSION**

For the reasons stated above, it is this 19th day of April, 2016, ORDERED that:

1. Defendant's Motion for a Certificate of Appealability (ECF No. 133) is DENIED;
2. Defendant's Motion for Re-appointment of Counsel (ECF No. 136) is DENIED;
3. Defendant's Motion for Leave to Amend his Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 138) is DENIED;
4. Defendant's Emergency Motion to Vacate (ECF No. 144) is DENIED; and
5. The Clerk of this Court transmit a copy of this Memorandum Order to the Defendant and Counsel of record.

                                                                     /s/
                                            Richard D. Bennett
                                            United States District Judge

---

[5] As stated *supra*, Defendant's only arguments for relief have been previously rejected by this Court, and the United States Court of Appeals for the Fourth Circuit has dismissed Defendant's attempts to appeal. Additionally, the issues pending before this Court are not unduly complicated, and no hearing is necessary to the disposition of this case. Accordingly, Defendant's Motion for Re-appointment of Counsel (ECF No. 136) is DENIED.