IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DAVID MCDOWELL ROBINSON,<br><br>Defendant. | Case No. 07-CR-87 |

### STIPULATED MOTION FOR INSTALLMENT PAYMENT ORDER

Plaintiff United States of America, and Defendant David McDowell Robinson (hereafter "Mr. Robinson"), hereby stipulate and move this Court to enter an installment payment order for the payment of restitution, pursuant to its authority under § 3204 of the Federal Debt Collection Procedures Act (28 U.S.C. § 3204) and the following stipulation of the parties, and consistent with the following terms:

1. Judgment was entered on May 1, 2008 in the total sum of $3,065,974.20 in favor of the United States and against Mr. Robinson.

2. Mr. Robinson has agreed to pay, and the United States has agreed to accept monthly installment payments from Mr. Robinson in the amount of **$100.00** commencing on **August 1, 2025**, and continuing thereafter on the **1st** day of each month. At the end of 12 months and yearly thereafter, Mr. Robinson shall submit a current financial statement to the United States Attorney's Office. The United States may evaluate and seek to modify this installment payment order based upon the documented financial status of Mr. Robinson.

3. Mr. Robinson agrees to submit all financial documentation in a timely manner and to notify the United States Attorney's Office **within 5 days** of any of the following events:

    a.  Any change of address;

    b.  Any change in employment; and

    c.  **Any other significant change in Mr. Robinson's economic circumstances, including but not limited to:**

        i.  **Any increase in monthly earnings of 20% or more, and/or**

        ii.  **Receipt of any lump-sum payment (such as gifts, lottery winnings, inheritances etc.) totaling $3,000 or more.**

4. Mr. Robinson acknowledges and agrees that immediately upon notice of a change in his economic circumstances the United States may adjust this payment schedule as appropriate based upon Mr. Robinson's changed economic circumstances and ask Mr. Robinson to sign a new stipulated motion for installment payment order. Mr. Robinson further understands and agrees that if he does not accept the new proposed payment schedule, the United States may move the Court to adjust the payment schedule pursuant to 18 U.S.C. § 3664(k), and that Mr. Robinson will have an opportunity to respond and object to the United States' motion before the Court enters its ruling. Mr. Robinson acknowledges that, pursuant to 18 U.S.C. § 3664(e), "The burden of demonstrating the financial resources of the defendant and the financial needs of the defendant's dependents, shall be on the defendant."

5. **In addition to** the regular monthly payment set forth in paragraph 2 above, Mr. Robinson agrees that the United States may submit Mr. Robinson's debt in this case to the U.S. Department of Treasury for inclusion in the Treasury Offset Program. Mr. Robinson understands that under this program, any federal payment that Mr. Robinson would normally receive may be offset and applied toward his debt.

6. In consideration of the mutual promises made in this Stipulation, the United States agrees to refrain from execution on the judgment so long as Mr. Robinson complies strictly with the agreements set forth in this Stipulation. Mr. Robinson hereby consents that in the event he fails to comply strictly with the agreement set forth in paragraphs 2 through 4 above, the United States may move the Court for a writ of execution, a writ of garnishment, or any other appropriate order deemed necessary for the purpose of satisfying the judgment in full or in part.

7. Under 18 U.S.C. § 3613, the liability to pay restitution shall terminate on the date that is the later of 20 years from the entry of judgment or 20 years after the release from imprisonment of the person ordered to pay restitution, and accordingly any payment plan entered by this Court will not be enforcable after such date.

8. Based upon this stipulation, and pursuant to its authority under § 3204 of the Federal Debt Collection Procedures Act (28 U.S.C. § 3204), the Court may enter an installment payment order consistent with the foregoing terms. The installment payment order will amend any previously ordered restitution payment schedule in this case as to Mr. Robinson.

Kelly O. Hayes
United States Attorney

John J. Truex Chung, Federal Bar #19245
Assistant United States Attorney
36 S Charles Street, 4th Floor
Baltimore, MD 21201
(410) 209-4800

David McDowell Robinson - Defendant